# New York Trust Company, Appellant, *v.* Langcliffe Coal Company (No. 2).

*Practice, C. P.—Appeals—Affidavit of defense—Judgments for want of sufficient affidavit of defense.*

1. A lower court will not be reversed on appeal for discharging a rule for judgment for want of a sufficient affidavit of defense unless all the essential facts are admitted or not denied, and the action of the court in refusing judgment is based on plain error in law.

2. Where there are several important questions of fact bearing on the relations and obligations of the parties not fully developed in the statement and affidavit of defense, the case should go to the jury.

Argued 23, 1910. Appeal, No. 386, Jan. T., 1909, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1909, No. 1,702, discharging rule for judgment for want of a sufficient affidavit of defense in case of The New York Trust Company of the City of New York v. The Langcliffe Coal

Company, The Langcliffe Coal Company, Limited, and The
Hudson Coal Company.    Before FELL, C. J., BROWN, MESTRE-
ZAT, POTTER and MOSCHZISKER, JJ.    Affirmed.

Scire facias sur mortgage.    Before EDWARDS, P. J.
The opinion of the Supreme Court states the facts.

*Error assigned* was discharge of rule for judgment for want
of a sufficient affidavit of defense.

*Frank P. Prichard,* with him *William J. Hand* and *Leven-
tritt, Cook and Nathan,* for appellant.

*John P. Kelly* and *James H. Torrey,* for the Hudson Coal
Company, appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 28, 1910:

This is a scire facias on a mortgage, and the plaintiff has
taken an appeal from the order of the court below discharg-
ing a rule for judgment for want of a sufficient affidavit of
defense.    In view of the oft-repeated desire of the appellant
company in this and the equity case for a speedy disposition
of the controversy between the parties, it is to be regretted
that it did not concur in the suggestion of the learned trial
judge that "this case can be more satisfactorily disposed
of by a trial than by a rule for judgment for the want of a
sufficient affidavit of defense."    There are several important
questions of fact bearing on the relations and obligations of
the parties not fully developed in the statement and affidavit
of defense, and hence the case should go to a jury.    We will
not reverse the court below for discharging a rule for want
of a sufficient affidavit of defense unless all the essential facts
are admitted or not denied, and the action of the court in
refusing judgment is based on plain error in law.    We so
construed the Act of April 18, 1874, P. L. 64, authorizing ap-
peals in such cases, in Griffith v. Sitgreaves, 81* Pa. 378,
where it is said (p. 382): "The act of assembly authorizing
writs of error to be taken when a court of common pleas re-

fuses to enter judgment on the ground of the sufficiency of an affidavit of defense was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial. . . . In doubtful cases, and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury, as the proper tribunal to decide the cause under proper instructions from the court." We do not encourage an appeal in this class of cases as it usually results in delay in the disposition of the cause and adds materially to the costs and expenses. As another appeal may be taken after the cause is tried in the court below and the facts are fully developed, we will not now discuss the merits of the case.

The order of the court below refusing judgment for want of a sufficient affidavit of defense is affirmed.